UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DEWEY H. SIZEMORE | ) |
| | ) |
| v. | ) Case No. 1:14-cv216-HSM-WBC |
| | ) |
| DEPARTMENT OF VETERNS AFFAIRS, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| DR. WILLIAM R. BOWERS | ) |

REPORT AND RECOMMENDATION

Plaintiff Dewey H. Sizemore, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 2). Because I conclude the complaint does not set forth a claim for which relief can be granted, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The entire basis of plaintiff's complaint is as follows:

> The Social Security Administration has violated my civil and constitutional rights as well as caused me severe mental and physical stress and strain. Dr. William R. Bowers heavily medicated my wife for the better part of seven years and (knowing she had serious heart issues) is responsible for her death. The Department of Veterans Affairs has taken my livelihood due to them punishing me for a mistake they made involving my wife's SSI.

This complaint does not identify the civil rights that were allegedly violated nor does it explain how they were violated. Further, Plaintiff might be attempting to state a medical malpractice claim against Dr. Bowers and the Department of Veterans Affairs, but the allegations are too vague; it is not clear whether Plaintiff is alleging Dr. Bowers actually caused Plaintiffs' wife's death and, if so, how, and whether Dr. Bowers breached the reasonable standard of care. The undersigned also cannot ascertain from the complaint whether Dr. Bowers worked for the Department of Veterans' Affairs, and if so, where. It is also unclear what his wife's SSI benefits had to do with her treatment or death, if anything.

A medical malpractice claim is properly brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674. *See e.g*, *Kernstock v. United States*, 559 Fed. Appx. 428, 431 (6th Cir. March 12, 2014). As explained in *Kernstock*,

> Under the FTCA, the United States may be found liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Thus, "the extent of the United States' liability under the FTCA

2

is generally determined by reference to state law." *Brown v. United States*, 583 F.3d 916, 919–20 (6th Cir.2009) (quoting *Molzof v. United States,* 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992)).

Further, it appears plaintiff has not complied with Tennessee's sixty day notice provision found at Tenn. Code Ann. § 29-26-121 which states:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.
>
> (2) The notice shall include:
>
> (A) The full name and date of birth of the patient whose treatment is at issue;
>
> (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
>
> (C) The name and address of the attorney sending the notice, if applicable;
>
> (D) A list of the name and address of all providers being sent a notice; and
>
> (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121. Failure to provide this required notice means the plaintiff has failed to state a claim for which relief can be granted under Tennessee law. *Myers v. AMISUB (SFH), Inc*, 381S.W.3d 300 (Tenn. 2012).

3

Accordingly, I RECOMMEND[1] that this action be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) and the application to proceed *in forma pauperis* (Doc. 2) be DENIED as moot.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

4

Case 1:14-cv-00216-HSM-WBC   Document 3   Filed 09/25/14   Page 4 of 4   PageID #: 38